UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ROGER THOMPSON,

           Petitioner,

    -against-

JOSEPH T. SMITH, Superintendent,

           Respondent.
------------------------------------------------------------X

**MEMORANDUM AND ORDER**

06-CV-1253 (RJD)

DEARIE, United States District Judge:

By order dated March 28, 2006 ("March Order"), the Court directed pro se petitioner ROGER THOMPSON, to show cause why the petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254 should not be dismissed as time-barred by the one year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. § 2244(d)(1). On April 14, 2006, petitioner filed an Affirmation. For the reasons set forth below, the petition is dismissed as time-barred.

Background

On August 12, 1991, petitioner was convicted upon a jury verdict of murder in the second degree and criminal possession of a weapon in the second degree before the New York Supreme Court, Queens County. See Petition at 1. The Appellate Division affirmed the conviction on May 8, 1995, People v. Thompson, 215 A.D.2d 514 (2d Dep't 1995), and the New York Court of Appeals denied leave to appeal on August 21, 1995. People v. Thompson, 86 N.Y.2d 803 (1995). The conviction became final on November 20, 1995, upon expiration of the 90-day period for seeking a writ of certiorari. Williams v. Artuz, 237 F.3d 147, 150-51 (2d Cir. 2001).

1

Discussion

In the March Order, the Court concluded that the petition was time-barred because it was not filed within one year from the date the conviction became final, i.e., November 20, 1995. However, the Court failed to consider at the time that because petitioner's conviction became final prior to the effective date of the AEDPA, he had until April 24, 1997, see Smith v. McGinnis, 208 F.3d 13, 15 (2d Cir. 2000) (per curiam), rather than November 20, 1996, in order to file federal habeas corpus petition. In any event, applying the grace period now does not change the result that the petition filed on March 6, 2006 is time-barred. As set forth in the Court's March Order, the petition is not rendered timely by the application of statutory tolling, 28 U.S.C. § 2244(d)(2). Although petitioner filed a writ of *error coram nobis* on February 20, 2001, a 440 motion on April 15, 2003, and a second 440 motion on April 12, 2005, these post-conviction proceedings did not exclude any time from the one-year grace period since they were each filed after the grace period had already expired. The Court must now consider whether equitable tolling applies to the instant petition.

In his Affirmation,[1] petitioner argues that the petition should not be dismissed as time-barred "because the Respondents and the state's highest court failed to serve him with a copy of the notice of entry from the New York Court of Appeals, which denied his leave application filed under the provision of Criminal Procedure Law 460.20." Affirmation ("Aff.") at 1. Attached to his Affirmation, petitioner includes copies of correspondence sent in 2001 to the state courts and responses thereto regarding the notice of entry. See Aff., Exhibit A.

---

[1] In his petition, Thompson argued that he was actually innocent of the crime charged. In the Affirmation, he has abandoned this claim as he limits his argument to the lack of his receipt of a notice of entry.

2

A. <u>Notice of Entry of State Court Orders</u>

The Court finds that petitioner's argument regarding the lack of "Notice of Entry," see Petitioner's Aff. at 1-2, does not warrant application of the equitable tolling doctrine. <u>Smith</u>, 208 F.3d at 17. Equitable tolling is only appropriate in "rare and exceptional circumstances." <u>Id.</u> To merit equitable tolling, petitioner must show that he acted with "reasonable diligence" during the period he wishes to have tolled, but that despite his efforts, extraordinary circumstances beyond his control prevented successful filing during that time. <u>Smaldone v. Senkowski</u>, 273 F.3d 133, 138 (2d Cir. 2001).

Petitioner does argue that he failed to receive notice of the court decisions affirming his conviction and denying his application for leave to appeal; rather, he argues that he did not receive the court's order *together* with a notice of entry. To the extent petitioner argues that the final disposition lacked a "Notice of Entry" under state law, it is immaterial to the application of AEDPA limitations period as such a purported failure does not provide a basis to equitably toll the limitations period. Even if he had not received notice of the state court's orders, "[t]he relevant date of final disposition is the date of issuance of a court order, not the date upon which such order is received by petitioner." <u>Evans v. Senkowski</u>, 228 F.Supp.2d 254, 259 (E.D.N.Y. 2002); see, e.g., <u>Geraci v. Senkowski</u>, 211 F.3d 6, 9 (2d Cir.) (AEDPA limitations period began running again upon the Appellate Division's denial of leave to appeal, not from the date on which petitioner received notice of the Appellate Division's order), <u>cert. denied</u>, 531 U.S. 1018 (2000); see also <u>Marengo v. Conway</u>, 342 F.Supp.2d 222, 227-28 (S.D.N.Y. 2004) ("the definition of the term 'pending' in AEDPA does not include the time that passes between the date an order is filed and the date the defendant receives actual notice of the order because once a state court decides a motion that closes the door to further

appellate review, the statute of limitations begins to run again."). Petitioner's citations to Artuz v. Bennett, 531 U.S. 4 (2000) and Hizbullahankhamon v. Walker, 255 F.3d 65, 70 (2d Cir. 2001), among others, are unavailing as they do not support his argument. In Artuz, the Supreme Court held only that a petitioner's prior state court motion to vacate judgment of conviction was "properly filed," though the motion contained claims that were procedurally barred under New York law. In Hizbullahankhamon, the United States Court of Appeals for the Second Circuit held that the limitations period for filing habeas petition was not tolled during the intervals between denials by the Appellate Division of applications for writ of error coram nobis and the dates on which the New York Court of Appeals denied leave to appeal because New York State law at that time did not require appellate review of those orders.

Even if the lack of receipt of the notice of entry could be considered an extraordinary circumstance, petitioner does not show that he acted with "reasonable diligence" during the period he wishes to have tolled. According to his own exhibits, he wrote to the state courts seeking the notice of entry in 2001, however, he did not file the instant petition until 2006. Petitioner does not provide any other basis for the Court to apply equitable tolling. Because this petition was filed on March 6, 2006, nearly nine years after the grace period expired on April 24, 1997, and because petitioner has not demonstrated that he is entitled to statutory or equitable tolling, the petition is dismissed as time-barred.

Conclusion

Accordingly, the petition for a writ of habeas corpus is dismissed as time-barred. 28 U.S.C. § 2244(d)(1). As this petition presents no "substantial showing of the denial of a constitutional right," a certificate of appealability shall not issue. 28 U.S.C. § 2253(c).

The Court certifies pursuant to 28 U.S.C. § 1915(a) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438 (1962).

SO ORDERED.

Dated: Brooklyn, New York
      May  /8 , 2006

                              s/Raymond Dearie
                              _____
                              RAYMOND J. DEARIE
                              United States District Judge